UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**NATIONWIDE PROPERTY &
CASUALTY INSURANCE
COMPANY,**
 Plaintiff,

v.   Case No. 4:21-cv-626-CLM

**CHRISTOPHER ADAMS,** *et al.***,**
 Defendants.

## MEMORANDUM OPINION

 Randell Alexander ("Alexander") was injured while performing a job for Apple Signs Company, LLC ("Apple Signs"). Seventeen months passed. Alexander then sued Apple Signs and its owners Chris and Angela Adams in state court to cover his medical expenses. *See Randell Alexander v. Apple Signs Co., LLC; Chris and Angela Adams, as owners*, CV-2020-900722. Apple Signs sought coverage from its insurance company, Nationwide Property & Casualty Insurance Company ("Nationwide"). Nationwide then filed this action in federal court, seeking a declaration that it does not owe a duty to defend or indemnify Apple Signs or its owners. As explained below, the court **GRANTS** Nationwide's motion for summary judgment because Apple Signs failed to timely notify Nationwide about Alexander's accident and resulting injuries.

## BACKGROUND

 1. The Facts: In July 2019, Alexander fell off a ladder while he was welding for Apple Signs. (Doc. 2, p. 2). Alexander missed three weeks of work due to the resulting injuries, and Chris Adams (Apple Sign's owner) paid Alexander's medical expenses. (Doc. 20-1, p. 9-10). Adams did not tell Nationwide about the accident or the resulting injuries and expenses.

1

Seventeen months later (December 22, 2020), Alexander sued Apple Signs and the Adams in state court to cover his medical expenses. *See Randell Alexander v. Apple Signs Co., LLC; Chris and Angela Adams, as owners*, CV-2020-900722. Adams then contacted Nationwide for the first time, seeking coverage for any resulting liability.[1]

2. <u>The Policy</u>: Nationwide had issued a commercial general liability insurance policy to "Christopher Adams – DBA Apple Sign Supply" that was effective when Alexander fell. (Doc. 2, p. 3, 20). The policy generally provides that Nationwide will pay "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" (Doc. 2, p. 3). But the policy also contains specific exclusions. For example, the policy does not cover injuries to employees of the business, or any obligations under a worker's compensation law. (Doc. 2, p. 4).

The policy also requires that Nationwide be "notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Doc. 2, p. 6). And while the policy never defines "as soon as practicable," other parts of the agreement discuss the timing of notice. In a section describing medical payment coverage for bodily injury, the policy states: "We will pay medical expenses… for 'bodily injury' caused by an accident… because of your operations; provided that… "[t]he expenses are incurred and reported to us *within one year of the date of the accident*." (Doc. 2, p. 5) (emphasis added).

3. <u>This lawsuit</u>: Nationwide filed this declaratory judgment action under 28 U.S.C. § 2201, seeking a declaration that it does not owe a duty to defend or indemnify Apple Signs and the Adams. (Doc. 2). Nationwide claims it need not pay because (1) the claims are specifically excluded from coverage under the policy, and (2) Apple Signs failed to provide notice of the occurrence within a reasonable time. (Doc. 2, p. 7).

---

[1] The complaint alleges that Apple Signs notified Nationwide on January 4, 2021. (Doc. 2, p. 6). Defendants do not argue that notice was given before December 22, 2020, but assert that the timing of their notice was as soon as practicable. (*See* Doc. 23, p. 8).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings" and with affidavits or other evidence, designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. At the summary judgment stage, the court must view all evidence and make all reasonable inferences in favor of the non-moving party. *Allen v. Board of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007).

## DISCUSSION

Nationwide moves for summary judgment on two grounds. First, Nationwide claims that the "employee exclusion" precludes coverage. (Doc. 21, p. 10-14). Second, Nationwide asserts that Apple Signs' late notice precludes coverage. (Doc. 21, p. 14-17). "Compliance with the notice requirements in an insurance policy is a condition precedent to recovery." *Owners Ins. Co. v. Am. Timber Invs., Inc.*, 2014 WL 7365865, at *6 (N.D. Ala. Dec. 24, 2014). So the court begins (and ends) with Nationwide's second argument.

The parties agree that Nationwide's policy required Apple Signs to notify Nationwide of an occurrence "as soon as practicable." (*See* Doc. 21, p. 14; Doc. 23, p. 8). The only question is whether Apple Signs met that requirement when it waited 17 months to notify Nationwide about Alexander's fall and resulting injuries.

**A. Alabama law**

The policy does not define "as soon as practicable," so the court turns to Alabama law for guidance.[2] The Alabama Supreme Court has interpreted the phrase "as soon as practicable" to mean that the insured must give notice "within a reasonable time under all the circumstances." *See, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Estate of Files*, 10 So. 3d 533, 535 (Ala. 2008); *see also Pinson Truck Equip. Co., Inc. v. Gulf Am. Fire & Cas. Co.*, 388 So. 2d 955, 956 (Ala. 1980).

Reasonableness, of course, is fact dependent. "Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury." *Southern Guar. Ins. Co. v. Thomas*, 334 So. 2d 879, 882 (Ala. 1976); *see also Pinson Truck Equip. Co., Inc. v. Gulf Am. Fire & Cas. Co.*, 388 So. 2d 955, 957 (Ala. 1980). "Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances." *Thomas*, 334 So. 2d at 882.

That said, "where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay," the court should find "as a matter of law" that there has been a breach of the policy's notice provision. *Id.* at 882-83. "It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident." *Thomas*, 334 So. 3d at 884 (quoting *Pan Am. Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas Dist.*, 266 So. 3d 763 (Ala. 1972).

---

[2] Federal courts sitting in diversity apply the substantive law of the forum state. *Grange Mut. Cas. Co. v. Woodward*, 826 F.3d 1289, 1295 (11th Cir. 2016). So this court applies the substantive law of Alabama.

4

In sum, there *may* be circumstances where an insured can show a reasonable excuse to justify delay. But Alabama law is clear that "it [is] not the insured's duty… to determine the probability of a suit being filed." *Owners Ins. Co. v. Am. Timber Invs., Inc.*, 2014 WL 7365865, at *8 (N.D. Ala. Dec. 24, 2014). Instead, "it is [the insured's] duty to give the insurer notice of any accident or occurrence." *Id.*

So the court must look for two things: (a) did Adams have reason to believe Apple Signs might be liable for Alexander's injuries, *see Thomas*, 334 So. 3d at 884, and (b) did Adams fulfill his duty to timely notify Nationwide of those injuries, so that Nationwide could determine whether it might be liable under the policy.

**B. Application**

1. <u>Timely Notice</u>: The court finds that notice after 17 months is not timely under the policy. Again, Nationwide's policy never defines "as soon as practicable" in specific terms. But other parts of the agreement are instructive. In a section describing medical payment coverage for bodily injury, the policy states: "We will pay medical expenses… for 'bodily injury' caused by an accident… because of your operations; provided that… "[t]he expenses are incurred and reported to us *within one year of the date of the accident*." (Doc. 2, p. 5) (emphasis added). This portion of the policy strongly suggests that failing to notify Nationwide of an accident within one year will terminate Nationwide's duty to pay medical expenses. Seventeen months exceeds one year, so the policy's text suggests Apple Signs' notice was untimely.

Further, waiting 17 months to notify Nationwide about the accident frustrated the purpose of the notice requirement—*i.e.,* to give Nationwide the opportunity to investigate its potential liability and prepare a defense (if necessary). *See generally Owners Ins. Co. v. Am. Timber Invs., Inc.*, 2014 WL 7365865, at *8. It was practicable for Adams to notify Nationwide that Alexander had suffered injuries (that Adams was paying

for) so that Nationwide could determine its duties under the policy. And because notice was "practicable" once Adams knew that Alexander was injured and sustaining medical bills, it was necessary under the policy.

2.  <u>Knowledge of potential liability</u>: Alabama law permits untimely notice if "acting as a reasonably prudent person, [Adams] believed that he was not liable for the accident." *Thomas*, 334 So. 3d at 884. Chris Adams argues that his delay was justified because he "didn't think there was a need [to notify Nationwide] because [Alexander] was back to work." (Doc. 20-1, pp. 9-10). But Adams had to know that Alexander suffered costly injuries for two reasons: (1) Alexander's injuries caused him to miss three weeks of work (doc. 20-1, p. 9), and (2) Adams was paying Alexander's medical expenses (doc. 20-1, p. 10). And Adams had to know that Apple Signs was potentially liable for the costs of Alexander's injuries because Adams knew that Alexander fell off an Apple Signs' ladder while working on a job for Apple Signs. (Doc. 20-1, p. 9). After all, Adams paid some of the bills. So no reasonable juror could find that Adams reasonably believed he and/or Apple Signs had no potential liability.

\* \* \*

"Compliance with the notice requirements in an insurance policy is a condition precedent to recovery." *Owners Ins. Co. v. Am. Timber Invs., Inc.*, 2014 WL 7365865, at \*6 (N.D. Ala. Dec. 24, 2014). Apple Signs failed to provide timely notice, so Nationwide does not owe a duty to defend or indemnify its insured, Apple Signs and/or the Adams. The court will thus enter a separate order that **GRANTS** Nationwide's motion for summary judgment (doc. 19) and closes this case.

**DONE** and **ORDERED** on November 21, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE